UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

HEATHER LYNN F.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:24-cv-001931-CL

**OPINION AND ORDER**

**CLARKE,** United States Magistrate Judge.

Before the Court is Plaintiffs' Motion to Alter or Amend Judgment (ECF #17). For the reasons below, the motion is DENIED.

**BACKGROUND**

On May 4, 2022, Plaintiff protectively filed an application for disability insurance benefits ("DIB"), alleging disability beginning on April 13, 2022. The claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ") and appeared before ALJ Carla Suffi, on October 25, 2023. Plaintiff, along with her attorney and a vocational expert, testified at the hearing. The ALJ found Plaintiff not disabled in a written decision issued December 8, 2023. The Appeals Council denied review on September 24, 2024, making the ALJ's decision the final agency decision. Plaintiff's timely appeal followed.

---

1 In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

Page 1 — OPINION AND ORDER

On appeal, the Court reviewed the record and noted that Plaintiff was 40 years of age on her alleged onset date and had at least a high school education. She was able to perform her past relevant work as a retail clerk. In her application, she alleged disability due to fibromyalgia, chronic fatigue syndrome, Lyme disease, myalgia, myositis, and cognitive issues.

Plaintiff appealed the ALJ's decision, arguing that the ALJ erred in her evaluation of Plaintiffs subjective symptom testimony, in her evaluation of a joint medical opinion of three medical providers, and in her evaluation of the lay witness testimonies of Plaintiffs supervisor and Plaintiffs husband, in her step four decision, and in the hypothetical posed to the vocational expert at step five. The Court determined that the ALJ had properly discounted Plaintiff's subjective symptom testimony, the medical opinions, and the lay witness testimony, and properly completed Steps Four and Five. The decision of the Commissioner was affirmed.

Plaintiff now seeks reconsideration of the Court's Opinion and Order (ECF #15) and amendment of the Judgment (ECF #16).

## LEGAL STANDARDS

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"A motion for reconsideration prompts a two-step inquiry. First, whether the court should reconsider a prior ruling; and second, if the court determines it should reconsider a prior

ruling, whether the court should change the prior ruling." *Beck v. Metro. Prop. & Cas. Ins. Co.*, No. 3:13-CV-00879-AC, 2014 WL 4404962, at *4 (D. Or. Sept. 5, 2014). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

A denial of a motion for reconsideration under Rule 59(e) is construed as one denying relief under Rule 60(b) and will not be reversed absent an abuse of discretion. *Pasatiempo by Pasatiempo v. Aizawa*, 103 F.3d 796, 801 (9th Cir. 1996) (citing *Barber v. Hawai'i*, 42 F.3d 1185, 1198 (9th Cir.1994)). "Rule 60(b) enables courts to grant relief from judgment to parties based on certain substantive errors." *Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1215 (9th Cir. 2024). Under Rule 60(b)(1), a court may grant relief for "mistake, inadvertence, surprise, or excusable neglect." A "mistake" within the meaning of Rule 60(b)(1) includes a mistake of law or fact made by a court. *Kemp v. United States*, 596 U.S. 528, 535 (2022).

## DISCUSSION

In moving for reconsideration, Plaintiff argues that the Opinion and Order "rests on several manifest errors of law and fact." The asserted errors include the making of independent findings, which Plaintiff contends were not contained in the ALJ's decision, the inaccurate misinterpretation of the ALJ's findings, the misunderstanding of Plaintiff's condition in suffering from fibromyalgia, the failure to address one of Plaintiff's arguments, and several other issues that are difficult to parse. For example, one of Plaintiff's asserted manifest errors states:

> Contrary to the Court's finding, at Tr. 26, the ALJ did not note "that there were inconsistencies between the assessed limitations and the objective evidence." At Tr. 26, the ALJ noted: "These limitations are excessive in light of the medical record kept in the ordinary course of treatment and are inconsistent with the evidence as a whole."

Plf. Motion p. 22 (ECF #17). The Court cannot discern any clear error in this statement.

Page 3 — OPINION AND ORDER

The Court declines to reconsider its Opinion and Order. Plaintiff does not rely on new evidence or a change in law as grounds for reconsideration and instead argue that the Court made "manifest errors of law and fact." However, these identified errors are largely explained by Plaintiff's disagreement with the Court's interpretation of the ALJ's decision and the record, and disagreement with the outcome overall. The Court has carefully reviewed the record and the parties' briefing and finds that Plaintiff has failed to demonstrate that the Court committed clear error or that manifest injustice requires relief.

## CONCLUSION

Plaintiffs' Motion to Alter or Amend Judgment (ECF #17) is DENIED.

It is so ORDERED and DATED this ___25___ day of June, 2026.

_____

MARK D. CLARKE
United States Magistrate Judge

Page 4 — OPINION AND ORDER